**In re John H. CAMPBELL, Relator.**

No. 01–01–00367–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 27, 2003.

Alice Oliver–Parrott, Maria Teresa Arguindegui, Burrow & Parrott, L.L.P., Houston, for Relator.

Carlos Garza, Martin, Garza & Fisher, Texas City, Jack C. Nickens, Jr., Paul D. Flack, Nickens, Keeton, Lawless, Farrell & Flack, L.L.P., Houston, for Real Party in Interest.

Panel consists of Justices TAFT, ALCALA, and PRICE *.

## OPINION

FRANK C. PRICE, Justice (Assigned).

We withdraw our Opinion of October 10, 2002 and issue this one in its stead. Relator's motions for rehearing and rehearing en banc are denied.

By petition for writ of mandamus, relator, John H. Campbell, challenges the trial court's "order noting lack of jurisdiction." We deny the petition for writ of mandamus.

## Background

Campbell was a trustee of the Hutchings Joint Stock Association ("HJSA"), in which the real parties in interest, Harvard Management Company, Inc., President and Fellows of Harvard College, MC & Co., Ltd., and Sealy H. Cavin, (collectively "the defendants") were shareholders. The defendants filed a derivative and class action suit against Campbell and others for alleged misconduct relating to Campbell's management of HJSA. Campbell sent a letter to HJSA's shareholders, describing the status of the derivative suit and recommending that they oppose the litigation. The defendants then sent a letter to the shareholders, responding to Campbell's statements and soliciting support for the litigation. On April 26, 1999, Campbell brought this defamation suit contending that one line of the defendants' letter misquoted and defamed him.[1]

On June 28, 1999, the defendants filed a motion for summary judgment on the pleadings,[2] and, on July 29, Campbell filed an amended petition adding Gary Snerson as a defendant. On September 17, in a single pleading, Snerson filed (1) special exceptions, (2) an answer, (3) a plea in abatement, and (4) a motion for summary judgment on the pleadings in which he "join[ed] in the same motions, pleas and special exceptions previously asserted by the other defendants...." The pleading did not contain a notice of submission. On September 21, the submission date for the summary judgment, the defendants filed a reply in support of their motion for summary judgment. Snerson was included and specifically identified in the reply.[3] On September 28, Campbell filed a request for oral hearing that included Snerson in the style and specifically referenced the joint reply brief filed on behalf of all defendants. In addition, Campbell specifically referenced a single submission date for the motion for summary judgment.[4] On Octo-

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. The alleged defamatory statement was as follows: "First, Mr. Campbell falsely writes that Harvard and Cavin's claims against Mr. Campbell and Mr. Hutchings will likely be dismissed in the very near future."

2. Summary judgment on the pleadings is appropriate when the petition itself affirmatively demonstrates that no cause of action exists or that the plaintiff's recovery is barred. *Delga-*

*do v. Methodist Hosp.,* 936 S.W.2d 479, 483 (Tex.App.-Houston [14th Dist.] 1996, no writ).

3. The reply began as follows: "Defendants Harvard Management Company, Inc., President and Fellows of Harvard College, MC & Co., Ltd., Sealy H. Cavin, and Gary F. Snerson ('Defendants') file this reply in support of their motion for summary judgment on the pleadings and plea in abatement."

4. The request for oral hearing stated as follows: "The original submission date has passed, however, Plaintiff specifically requests

ber 5, Campbell responded to the defendants' reply. At no time did he object to Snerson's being added to the motions. On October 8, 1999, 21 days after Snerson filed his answer in which he had joined in the motion for summary judgment, the trial court ultimately granted "Defendants' Motion for Summary Judgment on The Pleadings." The order did not exclude Snerson. The order granting the motion for summary judgment stated, in its entirety, as follows:

CAME ON FOR CONSIDERATION THIS DAY Defendants' Motion For Summary Judgment On the Pleadings and the court having considered the motion, the brief in opposition, and the petitions on file, finds that the motion is well-taken and should be, and hereby is, GRANTED.

Campbell did not move for a new trial or appeal the trial court's ruling. The trial court did not rule on either the special exceptions or the pleas in abatement that were submitted the same day as the motion for summary judgment, none of the parties complied with any of the remaining discovery deadlines in the court's docket control order, Campbell did not pursue his pending motions to compel, and no party sought to have the case called to trial on May 22, 2000, the trial date set by the court's docket control order.

On August 10, 2000, 10 months after the summary judgment was granted, Campbell filed a motion to substitute counsel—the first correspondence in this case following the summary judgment. The next week, Campbell received a telephone call from the trial court coordinator, confirming that the case against Snerson was set for trial for the two-week period beginning August 21. That same day, Campbell sent a letter to the trial court, confirming the trial setting. Upon receipt of Campbell's letter, the trial coordinator wrote a note to the trial judge on Campbell's letter, stating, "All defs out except 'Snerson' ... Attorneys need to talk to you regarding summary judgment."

The defendants filed a response to Campbell's motion to substitute counsel in which they "reminded" the trial court that it had no jurisdiction over the case.[5] Campbell filed an order asking the trial court to indicate that its summary judgment order was interlocutory and to direct Snerson to file a notice of submission on his motion for summary judgment.

On March 28, 2001, the trial court conducted a conference in which it declined to sign Campbell's order and agreed to sign the defendants' order noting that the trial court "no longer has jurisdiction over this case." Campbell contests this order.

### Jurisdiction

■ Campbell argues the trial court's order noting lack of jurisdiction is "void" because there is no final judgment in the case. Campbell contends the October 8, 1999 summary judgment order did not include Snerson.

### Standard of Review

■ Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by appeal. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding). However, mandamus

---

an oral hearing to address the inaccuracies presented in Defendants' lengthy reply brief filed on the day of submission."

5. Allegedly unbeknownst to the defendants, the trial court had already granted the motion to substitute counsel when they filed their response to the motion.

relief may be afforded when a trial court's order is void. *In re Dickason,* 987 S.W.2d 570, 571 (Tex.1998); *Hansen v. Sullivan,* 886 S.W.2d 467, 469 (Tex.App.-Houston [1st Dist.] 1994, orig. proceeding).

### Lehmann v. Har–Con Corp.

 The Texas Supreme Court recently addressed the finality of judgments on pre-trial motions. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191 (Tex.2001). An order can be a final judgment for appeal purposes, even though the order does not purport to be, if it actually disposes of all claims still pending in the case. *Id.* at 204. An order or judgment is not final for purposes of appeal unless the order actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. *Id.* at 205. In *Lehmann,* the court conceded that "to determine whether an order disposes of all pending claims and parties, it may of course be necessary for the appellate court to look to the record in the case." *Id.* at 205–06.

The defendants' motion for summary judgment on the pleadings, filed before Snerson was served, contended the alleged defamatory statement was absolutely privileged because the statement was made in the course of a judicial proceeding. The amended petition, which added Snerson as a defendant, did not add any new causes of action. Therefore, the trial court's order granting "Defendants'" motion for summary judgment did, in fact, dispose of all issues and parties before the court. Furthermore, the trial court's failure to single Snerson out as not included in its order indicates the trial court intended the order to dispose of all parties.

6. A Mother Hubbard clause generally provides that "all relief requested in this case and

The Texas Supreme Court has provided that, if we are uncertain about the intent of an order, we may abate the appeal to permit clarification by the trial court. *Id.* at 206; *see* TEX.R.APP. P. 27.2. Here, that is unnecessary. The trial court notified the parties it lacked jurisdiction to rule on Campbell's motion regarding the finality of the summary judgment. In so doing, the trial court indicated to the parties that its summary judgment order was intended to dispose of all parties and claims and thus was final.

Campbell argues that, because the summary judgment order does not contain a Mother Hubbard clause,[6] the order did not dispose of all parties. The Texas Supreme Court has held that the omission of a Mother Hubbard clause does not make a summary judgment interlocutory that otherwise appeared final. *See Inglish v. Union State Bank,* 945 S.W.2d 810, 811(Tex.1997).

 An order that expressly disposes of an entire case is not interlocutory merely because the record fails to show an adequate motion or other legal basis for the disposition. *Lehmann,* 39 S.W.3d at 206. Granting more relief than that to which a movant is entitled makes the order reversible, but not interlocutory. *Id.* at 204. Therefore, we need not determine the propriety of Snerson's "joining" his co-defendants' motion or whether his "joining" the co-defendants' notice of submission was proper. To avoid waiving this potential impropriety, Campbell was required either to ask the trial court to correct the first summary judgment order while the trial court retained plenary power or to perfect a timely appeal of that judgment. He did neither.

not expressly granted is denied."

We hold the judgment was final and the trial court's order merely noting lack of jurisdiction was not void.

## Conclusion

We deny Campbell's petition for mandamus relief. We also deny Campbell's request for sanctions for alleged violations of Texas Rule of Appellate Procedure 53.11. *See* TEX.R.APP. P. 53.11.