**Opinion issued November 29, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00509-CV

————————————

**GREATWOOD COMMUNITY ASSOCIATION, INC., Appellant**

**V.**

**PRINCE DAVID OFOR, Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 09-DCV-173840**

---

## MEMORANDUM OPINION

Appellant Greatwood Community Association, Inc. sued Appellee homeowner Prince David Ofor, complaining of (1) unpaid homeowners' association dues and (2) ongoing violations of Greatwood deed restrictions

governing the upkeep of homes. Greatwood moved for traditional summary judgment on both claims. The trial court granted part of the requested relief on the claim related to homeowners' association dues, denied all the relief requested related to the upkeep of Ofor's home, and signed a final summary judgment. We reverse and remand.

**A. Background**

Ofor owns a house in Greatwood that is subject to the Declaration of Covenants, Conditions and Restrictions for Greatwood Subdivisions, recorded in the Fort Bend County Deed Records. These restrictions impose an annual maintenance charge and allow for special assessments. Through the restrictions, Greatwood retains a vendor's lien to secure required payments. The restrictions also provide that homeowners must "prevent the development of any unclean, unhealthy, unsightly, or unkempt condition on his or her Unit . . . ."

**1. Greatwood's claims and motion for summary judgment**

Greatwood sued Ofor, claiming he violated the deed restrictions in two ways. First, Greatwood alleges that Ofor failed to pay required maintenance fees and assessments. As relief, Greatwood requested an award of (1) unpaid fees and assessments, (2) interest, (3) attorney's fees, and (4) establishment and foreclosure of a vendor's lien.

2

Second, Greatwood alleged that Ofor violated the prohibition on unsightly and unkept conditions by allowing mold to grow on the right side of his house. As relief, Greatwood requested (1) a permanent injunction compelling Ofor to remove the mold, (2) an award of $200 per day for at least a ten-day period that Ofor failed to bring property into compliance with the deed restrictions, and (3) attorney's fees.

Ofor filed a general denial and request for attorney's fees. Greatwood then moved for traditional summary judgment on its claims and requested relief. Ofor did not file a response.

## 2. The trial court's judgment

After a summary-judgment hearing, the trial court signed an order entitled "Final Summary Judgment." In that order, the court granted part, but not all, of the requested relief related to the delinquent maintenance fees and assessments. Specifically, the court awarded to Greatwood $1,291.95 for "delinquent assessments, late fees and collection costs," $1,000 in trial attorney's fees (as well as additional conditional appellate attorney's fees), costs of court and post judgment interest. The court denied Greatwood's request for foreclosure on its lien. The judgment denied all relief on Greatwood's claim that the mold allegedly growing on Ofor's house violated the deed restrictions.

The final paragraph of the Final Summary Judgment contained the following recitation:

> IT IS ORDERED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

Greatwood filed a motion for new trial, which was overruled by operation of law. Greatwood then timely brought this appeal.

## ISSUES ON APPEAL

Greatwood argues on appeal that the court erred "when it granted Final Summary Judgment which struck the majority of relief requested by Appellant in its lawsuit." It requests that this Court "modify the trial court's Final Summary Judgment to be consistent with the relief request and evidence presented in Plaintiff's Motion for Summary Judgment." "Alternatively, Appellant requests that this Court . . . vacate and reverse the trial court's Final Summary Judgment and remand this case for further proceedings."[1]

## ANALYSIS

A plaintiff moving for traditional summary judgment has the burden of conclusively establishing each element of its claim. TEX. R. CIV. P. 166a(c); *Zurita v. Lombana*, 322 S.W.3d 463, 471 (Tex. App.—Houston [14th Dist.] 2010, pet.

---

[1] Ofor did not file an appellee's brief.

4

denied).   In this case, Greatwood moved for traditional summary judgment on all of its claims, and the trial court granted in part, and denied in part, Greatwood's motion.  The trial court's order was thus a partial summary judgment.

Generally, absent express statutory authority providing otherwise, the denial of summary judgment relief is interlocutory and not appealable.  *E.g.*, *City of Houston v. Kilburn*, 838 S.W.2d 344, 345 (Tex. App.—Houston [14th Dist.] 1992), *writ denied*, 849 S.W.2d 810 (Tex. 1993) (per curiam); *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex. 1990).   Nonetheless, a judgment is final for purposes of appeal if it either actually disposes of all claims and issues, or if it clearly and unequivocally states that it is a final judgment that disposes of all claims and all parties.  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001); *In re Campbell*, 101 S.W.3d 664, 667 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding).  Here, despite the interlocutory nature of the relief awarded, the trial court's summary-judgment order was rendered final and appealable by inclusion of "Final" in the title coupled with language within the order declaring that it "finally disposes of all claims and all parties and is appealable."  *See Lehmann*, 39 S.W.3d at 206 ("A statement like, 'This judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention" that the judgment be final and appealable).

We reverse and remand the case for further proceedings because the trial court erred by granting a final judgment denying Greatwood's claims and relief sought based on its determination that Greatwood failed to carry its burden of establishing its entitlement to summary judgment on those claims.

## CONCLUSION

We reverse and remand for further proceedings consistent with this opinion.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.