**The CITY OF HOUSTON, Appellant,**

v.

**Daniel W. KILBURN, Appellee.**

**No. A14–92–00175–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 8, 1992.

Rehearing Denied Oct. 29, 1992.

Patricia L. Hayden, Houston, for appellant.

Daniel Kilburn, Katherine D. Hunt, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

Appellant, The City of Houston, appeals from an interlocutory order denying its Motion for Summary Judgment based on governmental immunity. We dismiss due to lack of jurisdiction.

Daniel W. Kilburn ("Kilburn") notified the City of Houston's animal control department that his two pit bull guard dogs had escaped, and requested the department's help in retrieving them. In an attempt to recover the dogs, an animal control employee shot and killed the pit bulls. Kilburn sued the City of Houston ("City") and its employee for the destruction of his dogs. The City filed special exceptions requesting the Court to order Kilburn to replead by stating a cause of action under TEX.CIV.PRAC. & REM.CODE ANN. § 101.021

(Vernon 1986). The Court granted the special exceptions. Kilburn repled, and the City moved for summary judgment based on governmental immunity. The Court denied the motion. The City now appeals.

 The denial of a summary judgment is interlocutory, and not appealable unless specifically allowed by statute. *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 678 (Tex.1990). The City cites no authority granting this Court jurisdiction to hear its interlocutory appeal. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (Vernon 1992) provides five instances from which a person may appeal an interlocutory order.[1] Subsection (5) addresses the denial of summary judgments:

> A person may appeal from an interlocutory order ... that ... denies a motion for summary judgment that is based on an assertion of immunity **by an individual** who is an officer or employee of the State or a political subdivision of the State.

The statute indicates that it is only the assertion of immunity **by an individual** which is appealable. The phrase "who is an officer or employee of the State or a political subdivision of the State," simply defines the type of individual who may appeal. If subsection (5) had been written to include the word "by" before the phrase "a political subdivision," or to include a comma after the phrase "employee of the State," this Court would have jurisdiction to hear the appeal; however, it was not written in such a way as to grant a political subdivision of the State the right to appeal the denial of a summary judgment. Therefore, we have no jurisdiction and we dismiss the appeal.

1. § 51.014 provides:
   A person may appeal from an interlocutory order of a district court ... that:
   (1) appoints a receiver or trustee;
   (2) overrules a motion to vacate an order that appoints a receiver or trustee;
   (3) certifies or refuses to certify a class in a suit brought under Rule 42 of the Texas Rules of Civil Procedure;
   (4) grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65; or
   (5) denies a motion of summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state.