**The CITY OF HOUSTON, Petitioner,**

v.

**Daniel W. KILBURN, Respondent.**

**No. D–3192.**

Supreme Court of Texas.

March 24, 1993.

---

Benjamin L. Hall, III, Patricia L. Hayden, Neal Kieval, Houston, for petitioner.

Daniel Kilburn, Houston, for respondent.

PER CURIAM.

Today's case involves the scope of a governmental entity's authority to appeal interlocutory orders on questions of sovereign immunity. Section 51.014 of the Texas Civil Practice and Remedies Code governs this issue, providing:

A person may appeal from an interlocutory order of a district court, county court at law, or county court that ... denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state.

TEX.CIV.PRAC. & REM.CODE § 51.014(5). In its opinion below, the court of appeals held that section 51.014 "was not written in such a way as to grant a political subdivision of the State the right to appeal the denial of a summary judgment." 838 S.W.2d 344, 345. We disagree.

The facts of the present case are as follows. Daniel W. Kilburn operates a guard dog security service known as Area Patrol Dogs. On March 23, 1989, Kilburn notified the Animal Control Bureau of the City of Houston that two pit bull guard dogs had escaped. Kilburn requested the City's assistance in retrieving the dogs and specifically requested that the dogs be captured alive. Nevertheless, in an attempt to capture the dogs, Captain Dan Bugg of the Bureau shot and killed both dogs. Kilburn then sued the City and Captain Bugg for damages arising from their allegedly negligent conduct.

The City filed a motion for summary judgment, claiming that it had sovereign immunity and therefore was not subject to Kilburn's suit. The trial court denied the motion. The City then filed an interlocutory appeal pursuant to section 51.014(5). The court of appeals dismissed the appeal for want of jurisdiction, holding that section 51.014(5) permits only those interlocutory appeals filed by individual governmental employees. 838 S.W.2d at 345.

Ordinarily, an appeal may be taken only from a final judgment. *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). Certain exceptions, however, are provided by section 51.014, which sets out five categories of interlocutory orders that may be immediately appealed; such appeals may be pursued by any "person." TEX.CIV.PRAC. & REM.CODE § 51.014. While section 51.014 itself does not define the term "person," other statutory provisions make clear that the term encompasses governments and governmental subdivisions. *See* TEX.CIV.PRAC. & REM. CODE § 1.002 (stating that the Civil Practice and Remedies Code is generally subject to the Code Construction Act, TEX.GOV'T CODE ch. 311); TEX.GOV'T CODE § 311.005(2)

(defining "person" to include any "government or governmental subdivision or agency").

■ Section 51.014(5) provides that the denial of a motion for summary judgment may be appealed if it "is *based on* an assertion of" qualified immunity.[1] (Emphasis added.) Under the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ch. 101, a governmental entity may be held liable for the torts of its employees if, among other things, "the employee would be personally liable to the claimant according to Texas law." TEX.CIV.PRAC. & REM. CODE § 101.021(1). Conversely, if the employee is protected from liability under the doctrine of qualified immunity, then the governmental entity's sovereign immunity remains intact. *See, e.g., Carpenter v. Barner,* 797 S.W.2d 99, 102 (Tex.App.—Waco 1990, writ denied); *Wyse v. Department of Public Safety,* 733 S.W.2d 224, 227–28 (Tex.App.—Waco 1986, writ ref'd n.r.e.). To that extent, a claim of sovereign immunity may be "based on" an individual's assertion of qualified immunity and therefore within the ambit of section 51.014(5).

■ In the present case, however, the City's motion for summary judgment contends only that the City is not liable because of *sovereign* immunity. City employee Bugg has never asserted the affirmative defense of qualified immunity, nor filed his own motion for summary judgment on the issue of qualified immunity. Consequently, under the procedural posture of this case, the City's attempt to appeal must fail. In denying the application for writ of error, though, we should not be viewed as approving the court of appeals' assertion that a political subdivision of the state has no right under section 51.014(5) to appeal the denial of a motion for summary judgment.

---

**1.** "Qualified immunity" is one of several interchangeable terms (including "quasi-judicial immunity," "discretionary immunity," "official immunity," and "good faith immunity") used to refer to an affirmative defense available for governmental employees sued in their individual capacities. *See Travis v. City of Mesquite,* 830 S.W.2d 94, 100 n. 2, 102–03 (Tex.1992) (Cornyn, J., concurring).