PER CURIAM HEADING




 NO. 12-01-00228-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




WILLIAM E. BAILEY AND 

ROBERT E. BAILEY, INDIVIDUALLY

AND AS ADMINISTRATORS OF
§
 APPEAL FROM THE 124TH

THE ESTATE OF 

ALIBE CARTER BAILEY, 

APPELLANTS


V.
§
 JUDICIAL DISTRICT COURT OF



LONGVIEW INDEPENDENT

SCHOOL DISTRICT,
§
 GREGG COUNTY, TEXAS

APPELLEE






PER CURIAM


 Appellee, Longview Independent School District ("LISD"), has filed a motion to dismiss this
appeal. In their motion, LISD contends that Appellants, William Bailey and Robert E. Bailey,
Individually and as administrators of the Estate of Alibe Carter Bailey ("Bailey"), have attempted
to bring an accelerated interlocutory appeal from the trial court's order denying their plea in
abatement and their motion for sanctions against LISD. LISD argues that since neither a plea in
abatement nor a motion for sanctions can form the basis for an interlocutory appeal under section
51.014 of the Texas Civil Practice and Remedies Code, this appeal should be dismissed. Bailey has
not responded to LISD's motion. 

 This Court's appellate jurisdiction is limited to appeals from final judgments and such
interlocutory orders as the legislature has deemed appealable. City of Houston v. Kilburn, 849
S.W.2d 810, 811 (Tex. 1993); see Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp.

2001) (1). Section 51.014 of the Civil Practice and Remdies Code lists those interlocutory orders from
which an appeal may be taken. As LISD points out, neither an order on a plea in abatement nor an
order on a motion for sanctions are among those orders contained in section 51.014. Thus, this Court
does not have jurisdiction over this appeal.

 LISD asks this Court to sanction Bailey for bringing a frivolous appeal pursuant to Rule 45
of the Texas Rules of Appellate Procedure. Tex. R. App. P. 45. Rule 45 provides that an appellate
court "may" award sanctions if it determines, on a party's motion or on its own initiative, that an
appeal is frivolous. While this appeal may be frivolous due to the absence of a jurisdictional basis,
we decline, on the limited record before us, to award damages to LISD. 

 Since neither an appeal from an order on a plea in abatement nor one from an order on a
motion for sanctions is authorized by law, we dismiss the appeal for want of jurisdiction.


Opinion delivered October 2, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.

















DO NOT PUBLISH




1. Certain additional appealable interlocutory orders are set forth in the Texas Family Code and the Texas
Probate Code. However, in their docketing statement, Bailey relies solely upon section 51.014 of the Civil
Practice and Remedies Code as authority permitting this interlocutory appeal. As noted above, Bailey has not
responded to LISD's motion. Accordingly, we will not address whether this appeal is permitted under the Family
Code or the Probate Code.