PER CURIAM HEADING




 NO. 12-01-00212-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




PRAKASH PATEL,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


CHASE MERCHANT SERVICES, L.L.C.,

APPELLEE
§
 COUNTY, TEXAS







PER CURIAM
 

 Appellee, Chase Merchant Services, L.L.C. ("CMS"), has filed a motion to dismiss this
appeal. In their motion, CMS contends that Appellant, Prykash Patel ("Patel"), has attempted to
appeal from an interlocutory order that is not appealable. We agree and dismiss the appeal.


Background 


 Patel owns a Super 8 Motel (the "motel") in Forney, Texas. (1) CMS is a credit card processing
company that accepts electronic and paper records of credit card transactions and submits those
transactions to banks that issue MasterCard and Visa branded credit cards. On April 2, 2001, CMS 
filed an original petition and application for temporary injunctive relief ("petition") against Patel and
Forney Hospitality, Inc. In the petition, CMS contended that it had authorized Patel and Forney
Hospitality to submit for payment, bona fide credit card transactions that represented actual sales of
goods or services at or by the motel. CMS asserted that between November 9, 2000 and March 14,
2001, Patel submitted twenty-three transactions on his own Visa card to CMS. These transactions
totaled $202,800.00. CMS contended that it funded the full $202,800.00 to a bank account
controlled by Patel and Forney Hospitality. CMS alleged that these transactions were fraudulent
because they did not represent bona fide sales of goods or services by the motel and because in
submitting the transactions, Patel used false authorization numbers.

 In addition, CMS asserted that Patel intended to sell the motel and to use the cash he received
at closing to purchase another motel. According to CMS, in order for Patel to sell the motel, he had
to pay off all liabilities against the motel and he had to be current in his mortgage payments. CMS
alleged that Patel has used a portion of the $202,800.00 toward the mortgage on the motel in order
to bring it current. CMS further alleged that once Patel sold the motel and used the money he
received from the sale to purchase another motel, CMS would have no legal remedy because Patel's
payment to another party would render him insolvent. CMS asked the court to issue a temporary
restraining order and a temporary injunction forbidding Patel and Forney Hospitality from disposing
of the $202,800.00 and from selling the motel. CMS also sought recovery of the $202,800.00 and
exemplary damages via causes of actions for conversion and fraud. Finally, CMS requested
attorney's fees.

 On April 2, 2001, two separate temporary restraining orders were signed forbidding Patel and
Forney Hospitality respectively from disposing of the funds they "improperly acquired" from CMS
and from completing the sale of the motel. The order set a hearing on CMS's application for a
temporary injunction on April 12, 2001. On April 12, prior to the temporary injunction hearing,
CMS and Patel entered into a Rule 11 agreement, which was reduced to writing, signed by Patel and
the parties' attorneys and filed with the trial court. (2) In this agreement, Patel agreed (1) that he would
be enjoined as in the temporary restraining order with a temporary injunction, and (2) that he would
give CMS a note for $152,000.00 payable in forty-five days bearing interest at 6% and a second lien
deed of trust on the motel to secure the note. Upon payment in full, CMS agreed to dismiss the suit
with prejudice.

 On June 26, 2001, CMS filed a motion to enforce the Rule 11 agreement. CMS contended
that Patel had refused to execute the note and the deed of trust and asked the court to order Patel to
execute these documents. Patel filed a response to CMS's motion and a motion to rescind the Rule
11 agreement. A hearing on CMS's motion to enforce was held on July 6, 2001. On July 10, 2001,
the trial court signed an order (the "July 10 order") granting CMS's motion and ordering Patel to
execute the deed of trust note and the deed of trust within ten days of the date of the order. On July
30, 2001, Patel filed a notice of an accelerated appeal from the "appealable order signed by this court
on July 10, 2001." 


Is The July 10 Order Appealable? 


 In his brief (3) and in his response to CMS's motion to dismiss, Patel characterizes the trial
court's July 10 order as interlocutory. In its motion to dismiss, CMS argues that the interlocutory
order at issue is not appealable because there is no statute authorizing appellate jurisdiction over an
order granting a motion to enforce a Rule 11 agreement. 

 This Court's appellate jurisdiction is limited to appeals from final judgments and such
interlocutory orders as the legislature has deemed appealable. City of Houston v. Kilburn, 849
S.W.2d 810, 811 (Tex. 1993); see Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 

2001). Section 51.014 of the Texas Civil Practice and Remdies Code lists those interlocutory orders
from which an appeal may be taken. An order enforcing a Rule 11 agreement is not among those
listed in section 51.014. (4) 

 Section 51.014(a)(4) does provide that an interlocutory order granting a temporary injunction
may be appealed. Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). In his response to CMS's motion
to dismiss, Patel contends that the July 10 order was, in fact, an order granting injunctive relief and
is appealable under section 51.014(a)(4). Patel brings two arguments to support such a contention. 
First, he asserts that the order requiring Patel to sign a promissory note and a deed of trust was a
"mandatory injunction." Patel appears to use that term to mean an injunction which required
positive action rather than restraint. However, he argues that the purpose of a mandatory injunction
is identical to a restraining injunction-to maintain the status quo. (5) Second, Patel contends that in the
trial court, CMS wanted to "secure" Patel's assets by either a Rule 11 agreement or a temporary
order. He contends that the parties entered into the Rule 11 agreement in lieu of a temporary
injunction. According to Patel, therefore, the July 10 order enforcing the Rule 11 agreement was
actually an order granting injunctive relief and is appealable under section 51.014(a)(4). We disagree
with both of Patel's arguments.

 We conclude that the July 10 order was not an injunction, mandatory or otherwise, but rather
simply an instrument enforcing terms to which Patel had previously agreed. Although Patel argues
that the July 10 order maintained the status quo, we conclude that the execution of a promissory note
and a deed of trust would change the status quo, rather than maintain it. Further, while it may be true
that the Rule 11 agreement was in lieu of a temporary injunction, that does not mean that the July
10 order enforcing those terms granted injunctive relief. Again, rather than "enjoining" Patel in any
fashion, the July 10 order merely enforced terms to which Patel had agreed. Having rejected Patel's
contention that the July 10 order granted injunctive relief, we hold that the order is not appealable. 
 Patel alternatively asks this Court to abate the appeal so that he may seek to sever the July
10 order from the remainder of the lawsuit and make it a final judgment. He cites Rules 27.1 and
27.2 of the Texas Rules of Appellate Procedure as support for this request. (6) Rule 27.1 is
inapplicable to the situation before us. It deals with situations where a notice of appeal has been
filed prior to the entry of a final judgment or appealable order. Here, the trial court has not made the
July 10 order final since Patel filed his notice of appeal on July 30. 

 Concerning Rule 27.2, we note that in Lehmann v. Har-Con Corp, 39 S.W.3d 191, (Tex.
2001), the Texas Supreme Court stated that if an appellate court is uncertain about the intent of an
order, it can abate the appeal pursuant to Rule 27.2 to permit clarification by the trial court. Id. at
196. The Lehmann court also stated that an appeal could be abated if a judgment that the parties
and the trial court intended to be final was found to fail to meet the requirements necessary for
finality. Id. Having reviewed the record, we note that the July 10 order simply required Patel to sign
a note and a deed of trust. The order did not address the portion of the Rule 11 agreement wherein
CMS agreed to dismiss the suit upon payment in full; nor did it dissolve or otherwise remove the
temporary injunction agreed to by the parties. Further, still pending in the lawsuit itself is CMS's
fraud and conversion claims and its request for attorney's fees. For these reasons, we conclude that
the July 10 order was not intended as a final order, and therefore there is no need for clarification
from the trial court on this issue. Accordingly, we decline Patel's request to abate the appeal so that
the July 10 can be made final. 


Conclusion


 Since an appeal from the July 10 order is not one authorized by law, we grant CMS's motion
and dismiss the appeal for want of jurisdiction.


Opinion delivered October 24, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.













(DO NOT PUBLISH)



1. The record appears to indicate that at the time CMS filed its original petition and application for injunctive
relief, the motel was owned by Forney Hospitality, Inc. Patel is the president of Forney Hospitality. On July 1,
2001, Forney Hospitality conveyed the motel by warranty deed to Patel and his wife.
2. Forney Hospitality was not a party to the Rule 11 agreement and, therefore, is not a party to this appeal.
3. Patel filed his brief in this Court on September 6, 2001. CMS filed its motion to dismiss on September 20,
2001 and its brief on September 27, 2001. 
4. Although additional appealable interlocutory orders are set forth in the Texas Family Code and the Texas
Probate Code, these are likewise not applicable here. 
5. Patel does not direct us to any Texas authority supporting his contentions that the July 10 order was a
mandatory injunction and that the purpose of such an injunction is to maintain the status quo. He cites only to
Cooling v. Security Trust Co., 49 A.2d 121 (Del. Ch. 1946). 
6. Rule 27.1 provides, in pertinent part:


 (a) Civil Cases. In a civil case, a prematurely filed notice of appeal is effective and deemed filed
on the day of, but after, the event that begins the period for perfecting the notice of appeal.


 Rule 27.2 states:


 The appellate court may treat actions taken before an appealable order is signed as relating to an
appeal of that order and give them effect as if they had been taken after the order was signed. The appellate court
may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order
and all proceedings relating to it to be included in a supplemental record.