In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-272 CV


____________________



BRAZOS TRANSIT DISTRICT, Appellant



V.



ARTURO LOZANO, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. 32,602-99-12






O P I N I O N


 This appeal arises from a suit filed by Arturo Lozano against Brazos Transit
District (1) (Brazos), Emmitt Davis, Jr., Christine Conn and Mary Battles for injuries
sustained by Lozano as a bus passenger. Brazos filed a motion for summary judgment,
which the trial court denied. (2) Brazos then filed this interlocutory appeal. Lozano filed a
motion to dismiss the appeal on the grounds interlocutory appeal is not permitted in this
case. (3) Lozano also seeks reasonable attorney fees and costs for the appeal pursuant to
Tex. R. App. P. 45, providing damages for frivolous appeals. Brazos contends the appeal
is authorized pursuant to sections 54.014(a)(5) and (8) of the Texas Civil Practices and
Remedies Code and is not frivolous. See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(5), (8) (Vernon Supp. 2002).

 Section (5) provides an interlocutory appeal from the denial of "a motion for
summary judgment that is based on an assertion of immunity by an individual who is an
officer or employee of the state or a political subdivision of the state." Id. Citing Putthoff
v. Ancrum, 934 S.W.2d 164 (Tex. App.--Fort Worth 1996, writ denied), Brazos contends
interlocutory review is available to both an individual official and his employer seeking
summary judgment based upon official immunity. The court in Putthoff stated that under
section (5) "[i]nterlocutory review is available to both the individual and his employer
seeking summary judgment based on the doctrine of official immunity." Id. at 166 n.2. 
We do not disagree with Putthoff but fail to see its applicability to the present case wherein
neither Davis nor Brazos sought summary judgment based on the doctrine of official
immunity. Antithetically, the appellants in Putthoff alleged the defenses of official and
sovereign immunity in their answers and filed motions for summary judgment based on
their claims of immunity. Id. at 166.

 More akin to this case is City of Houston v. Kilburn, 849 S.W.2d 810 (Tex. 1993). 
The Kilburn court first observed the following: that section (5) provides an appeal if it is
based on an assertion of qualified immunity; that a governmental entity may be held liable
for the torts of its employees; that conversely if the employee is protected by qualified
immunity, then so is the governmental entity; and "[t]o that extent, a claim of sovereign
immunity may be 'based on' an individual's assertion of qualified immunity and therefore
within the ambit of section 51.014(5)." Id. at 812. The court then noted the City's motion
for summary judgment contended only that the City was not liable because of sovereign
immunity, and the City's employee never asserted the affirmative defense of qualified
immunity nor filed his own motion for summary judgment on that defense. Id. The court
then concluded that "under the procedural posture of this case, the City's attempt to appeal
must fail." Id. 

 Brazos fails to discuss Kilburn and makes no claim that its employee, Emmitt Davis,
Jr., is entitled to the affirmative defense of qualified immunity. No motion for summary
judgment has been filed on Davis' part. Brazos asserted sovereign immunity on its behalf,
and on behalf of Davis, claiming only that "[Brazos] is a governmental unit and [Davis]
is an employee of a governmental unit and both are immune from liability under the
doctrine of sovereign immunity." (Emphasis added). This cannot fairly be characterized
as an assertion of qualified immunity. Brazos' attempt to appeal fails under section (5).

 Section (8) provides an interlocutory appeal from the denial of a plea to the
jurisdiction by a governmental unit. See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8) (Vernon Supp. 2002). Brazos first cites City of Austin v. L.S. Ranch, LTD.,
970 S.W.2d 750 (Tex. App.--Austin 1998, no pet.), in stating the purpose of section (8)
was to add to the list of orders eligible for interlocutory appeal. It is Brazos' contention
that any motion based on sovereign immunity is "the type of case for which the statute was
amended to included." L.S. Ranch involved a plea to the jurisdiction, not a motion for
summary judgment. The issue was whether an interlocutory appeal could be brought from
the denial of any plea to the jurisdiction, or only from the denial of a plea based on
sovereign immunity. In deciding the statute permitted appeal from a plea regardless of its
basis, the court recognized "the literal terms" of the statute permitted it and refused to
"add a restriction to the statute that the legislature did not provide." Id. at 752-53. In
answering appellees' argument, the court observed legislative history provided the purpose
of (8) was to add eligible orders and referenced sovereign immunity. Id. But as the court
noted, these references demonstrate one basis for the statute, they did not evidence an
intention to limit the statute to that basis alone. Id. Nothing in L.S. Ranch persuades this
court that the legislature intended to permit an interlocutory appeal from the denial of any
motion, so long as it was based on sovereign immunity. As L.S. Ranch clearly indicates,
the legislature made a plea to the jurisdiction eligible for interlocutory appeal regardless
of its basis, not because of it.

 Brazos next cites Bland Independent Sch. Dist. v. Blue, 34 S.W.3d 547 (Tex.
2000), as permitting subject matter jurisdiction to be raised in a motion for summary
judgment. In Bland, BISD filed a plea to the jurisdiction, asserting the Blues had no
standing to sue and therefore the trial court lacked subject-matter jurisdiction over the
action. Id. at 550. The court noted: 

 Standing is a prerequisite to subject-matter jurisdiction, and subject-matter
jurisdiction is essential to a court's power to decide a case. The absence of
subject-matter jurisdiction may be raised by a plea to the jurisdiction, as well
as by other procedural vehicles, such as a motion for summary judgment. 
BISD has raised its challenge by a plea to the jurisdiction. 


Id. at 553-54.

 We do not dispute that subject-matter jurisdiction may be raised by a motion for
summary judgment instead of a plea to the jurisdiction. That is not the issue. The issue
is whether an interlocutory appeal is available to a governmental unit that files a motion
for summary judgment rather than a plea to the jurisdiction. Bland does not speak to this
question.

 In section (8), the legislature expressly permitted appeal by a governmental unit
from a particular procedural vehicle, and only that vehicle. The legislature did not
authorize an interlocutory appeal by a governmental unit from the denial of any other
order, irrespective of the grounds upon which it was sought. What Brazos seeks is a ruling
from this court that section (8) permits an appeal from any procedural vehicle, so long as
it is based on sovereign immunity. There is nothing in section (8) to support such an
interpretation.

 Our opinion in Lamar University v. Doe, 971 S.W.2d 191, 194 (Tex. App.--
Beaumont 1998, no pet.), is instructive. There, we concluded "that at the time the trial
court denied Lamar University's motion for summary judgment, Lamar University[,] not
having asserted the qualified immunity of its employees, was excluded from those
exceptions provided under § 51.0[14](5)." We noted that Lamar "had no adequate
interlocutory appellate remedy" after the denial of its motion for summary judgment and
consequently, the appeal from the denial of Lamar's subsequent plea to the jurisdiction was
properly before the court. The distinction between a motion for summary judgment and
a plea to the jurisdiction is not merely semantics. "[T]he pleadings and legal effect of
these motions are readily distinguishable as to purpose and effect." Id. at 194. (4) We
adhere to the plain language of section (8) and hold Brazos has no right to appeal from the
interlocutory order denying its motion for summary judgment.

 Having found the interlocutory appeal is not authorized pursuant to section
51.014(a)(5) or (8), Lozano's motion to dismiss is granted. Accordingly, we do not
address the merits of Brazos' appeal.

 Lozano further seeks damages for the filing of a frivolous appeal. See Tex. R. App.
P. 45. Although its appeal was unsuccessful, Brazos' arguments were not totally without
support. This appeal does not present circumstances so egregious as to warrant imposition
of sanctions. The motion is overruled. 

 APPEAL DISMISSED.






 DON BURGESS

 Justice


Submitted on December 31, 2001

Opinion Delivered March 28, 2002

Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. Formerly Brazos Valley Community Action Agency d/b/a Brazos Transit System
d/b/a Lufkin Transit System.
2. The trial court denied Brazos' motion for summary judgment after hearing argument on
May 24
, 2001. In its order of denial, the trial court noted "[t]he motion sought summary
judgment on the basis that Brazos had conclusively established its affirmative defense of
sovereign immunity because [Lozano] did not comply with the pre-suit notice provision .
. .. Having considered the written and oral arguments of the parties and the evidence in
the summary judgment record, the Court Denies the Motion for Summary Judgment on the
basis that a genuine issue of material fact exists regarding whether Brazos had "actual
notice" pursuant to Texas Civil Practice and Remedies Code Section 101.101(c)." At no
time has Brazos contested that the order appealed from is the denial of a motion for
summary judgment.
3. Lozano also claims that in the event Brazos' motion constitutes a plea to the
jurisdiction, the appeal is moot because he has amended his petition to allege jurisdictional
facts. Lozano's Fifth Amended Original Petition, attached to his motion to dismiss, is not
part of the Clerk's Record and therefore not properly before this court. Accordingly, we
could not dismiss the appeal as moot regardless of our characterization of Brazos' motion. 
We note that Brazos has not questioned the sufficiency of Lozano's pleadings, either before
the trial court or this court. 
4. For example, a trial court deciding a plea to the jurisdiction may conduct an
evidentiary hearing, whereas a trial court deciding a motion for summary judgment may
not. See Bland, 34 S.W.3d at 555.