Dismissed and Opinion filed July 27, 2006









Dismissed and Opinion filed July
27, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00976-CV

_______________

 

BAYLOR COLLEGE OF MEDICINE, FRANCIS JOSEPH WELSH, M.D.,
HALEEMA LATIFI, M.D., FAREED KHAN, M.D., 

AND NAGEEB ABDALLA, M.D., Appellants

 

V.

 

MARIA HERNANDEZ, INDIVIDUALLY, AS EXECUTRIX OF THE
ESTATE OF FRANCISCO HERNANDEZ, AND AS FRIEND OF RUBY HERNANDEZ 

AND NORMA HERNANDEZ, AND FRANK HERNANDEZ, MARCOS
HERNANDEZ, AND ERIC HERNANDEZ, Appellees

                                                                                                                                                

On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 03-30708

                                                                                                                                                

 

O P I N I O N

            In this
medical malpractice case, the defendant medical school and four treating
physicians appeal the denial of their plea to the jurisdiction and motion for
summary 

 class=Section2>

judgment.  Because we
lack jurisdiction to decide an interlocutory appeal of the issues presented, we
dismiss. 

I.  Factual and Procedural Background

            Francisco
Hernandez (“Francisco”) was treated by doctors affiliated with Baylor College
of Medicine (“Baylor”) from August 19, 2001 through September 12, 2001 for a
work-related injury to his right leg.  He died on September 21, 2001, and on
May 30, 2003, Maria Hernandez (“Maria”) brought suit against Baylor and
treating physicians Fareed Khan, Nageeb Abdalla, Haleema Latifi, and Francis
Joseph Welsh (collectively, “the Physicians”) on behalf of Francisco’s estate
and survivors.  Baylor and the Physicians filed motions to dismiss and for
summary judgment asserting (a) immunity from suit due to Maria’s alleged
failure to provide Baylor and the Physicians notice of the claims pursuant to
section 101.101(a) of the Civil Practice and Remedies Code, and (b) immunity
from liability pursuant to section 312.006(a) of the Health and Safety Code. 
The trial court denied both motions, and this appeal ensued.[1]


II.  Jurisdiction to Consider Interlocutory Appeal

            This court
has jurisdiction to hear interlocutory appeals only as authorized by statute.  Bally
Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001).  Even when
the 

 class=Section3>

parties do not challenge
appellate jurisdiction, we must inquire into our jurisdiction to consider an
appeal.  See M.O. Dental Lab v. Rape, 139 S.W.3d 671, 673 (Tex. 2004).  Baylor and the Physicians appeal the denial of their motion to dismiss
pursuant to section 51.014(a)(8) of the Civil Practice and Remedies Code and
the denial of their motion for summary judgment pursuant to section
51.014(a)(5).  Because section 51.014 is a narrow exception to the general rule
that only final judgments and orders are appealable, we strictly construe it.  Bally
Total Fitness, 53 S.W.3d at 355. 

A.        Section 51.014(a)(8): Plea
to the Jurisdiction by a Governmental Unit

            Section
51.014(a)(8) permits an appeal from an order that “grants or denies a plea to
the jurisdiction by a governmental unit as that term is defined in Section
101.001.”  Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(8) (Vernon Supp. 2005).  A party cannot take an
interlocutory appeal from the denial of a plea to the jurisdiction unless the
plea raises an issue that can deprive the trial court of jurisdiction.  See Tex. Dep’t of Criminal Justice v. Simons, 140 S.W.3d 338, 349 (Tex. 2004).  Moreover,
an interlocutory appeal is not available if the plea to the jurisdiction was
not made by a “governmental unit.”  See Tex. A & M Univ.  Sys. v.
Koseoglu, 167 S.W.3d 374, 377–79 (Tex. App.—Waco 2005, pet. granted); Mobil
Oil Corp. v. Shores, 128 S.W.3d 718, 721  (Tex. App.—Fort Worth 2004, no
pet.); Perry v. Del Rio, 53 S.W.3d 818, 821 (Tex. App.—Austin 2001), pet.
dism’d, 66 S.W.3d 239, 264 (Tex. 2001).  Thus, to determine the extent to
which we have jurisdiction to hear an interlocutory appeal of a plea to the
jurisdiction, we must determine whether the issues presented are jurisdictional
and whether the plea is made by a statutorily-defined “governmental unit.”  

1.                     Lack of Notice          

            Baylor and
the Physicians based both their motion to dismiss and their motion for summary
judgment in part on Maria’s alleged failure to notify them of her claims
pursuant 

 class=Section4>

to section 101.101 of the
Civil Practice and Remedies Code.[2] 
This section states in pertinent part:

(a) A
governmental unit is entitled to receive notice of a claim against it under
this chapter not later than six months after the day that the incident giving
rise to the claim occurred.

(c) The notice requirements . . . do not apply if the
governmental unit has actual notice that death has occurred, that the claimant
has received some injury, or that the claimant’s property has been damaged.

Tex.
Civ. Prac. & Rem. Code Ann. § 101.101 (Vernon 2005).  Baylor and the Physicians contend they are
“governmental units” and argue that Maria’s alleged failure to comply with this
statute bars her suit. 

            We do not
reach the question of whether notice was required or given, because lack of
notice pursuant to section 101.101 would not deprive the trial court of
jurisdiction over this action.  See Univ. of Tex.  Sw. Med. Ctr. at Dallas
v. Loutzenhiser, 140 S.W.3d 351, 362 (Tex. 2004) (“[T]he failure to give
notice of a claim as required by section 101.101 does not deprive a court of
subject matter jurisdiction over an action on the claim.”).[3] 
Because lack of notice is not jurisdictional in this case, we are not
authorized to consider the interlocutory appeal of appellants’ plea to the
jurisdiction on this basis.  See Simons, 140 S.W.3d at 339.  To the
extent the appeal of the motions to dismiss and for summary judgment[4]
are based on the alleged failure to give notice of the claim as described in
section 101.101, we lack jurisdiction to review the trial court’s order. 

            2.         Immunity
from Liability

            To determine
our jurisdiction to hear an interlocutory appeal of a plea to the jurisdiction,
we also must distinguish between assertions of immunity from suit, for which an
interlocutory appeal will lie, and assertions of immunity from liability, for
which no interlocutory appeal is available.  See Tex. Dep’t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 244 (Tex. 2004).

            In their motions
to dismiss and for summary judgment, Baylor and the Physicians argue they are
immune from liability pursuant to section 312.006(a) of the Health and Safety
Code,[5]
which states:

A medical and dental unit, supported medical or dental
school, or coordinating entity engaged in coordinated or cooperative medical or
dental clinical education under Section 312.004, including patient care and the
provision or performance of health or dental services or research at a public
hospital, is not liable for its acts and omissions in connection with those
activities except to the extent and up to the maximum amount of liability of
state government under Section 101.023(a), Civil Practice and Remedies Code,
for the acts and omissions of a governmental unit of state government under
Chapter 101, Civil Practice and Remedies Code.

Tex.
Health & Safety Code Ann. § 312.006(a) (Vernon 2001).

            Under section
§ 101.023(a) of the Civil Practice and Remedies Code, the state’s liability for
the acts and omissions of a governmental unit is limited to $250,000 for each
person, $500,000 for each single occurrence for bodily injury or death, and
$100,000 for each single occurrence for injury to or destruction of property.  Tex. Civ. Prac. & Rem. Code Ann. §
101.023(a) (Vernon 2005).  Simply stated, it is a damages cap statute.  See
Kerrville State Hosp. v. Fernandez, 28 S.W.3d 1, 9 (Tex. 2000) (describing
sections 101.023–.024 as “placing caps on actual damages and prohibiting
punitive damages.”); see also Tex.
Gov’t Code Ann. § 312.002(a) (Vernon 2005) (with certain exceptions not
presented here, words used in statutes “shall be given their ordinary
meaning.”).  By importing the damage caps of section 101.023(a), the Health and
Safety Code limits the damages for which a supported medical school is liable. 
See Tex. Health & Safety Code
Ann. § 312.006(a).  The plain language of neither statute purports to
grant immunity from suit to a supported medical school or to its residents,
faculty, or employees.  Nevertheless, this is the interpretation appellants
urge us to adopt.  We are unable to do so.  “If the statutory text is
unambiguous, a court must adopt the interpretation supported by the statute’s
plain language unless that interpretation would lead to absurd results.”  Tex. Dept. of Protective & Regulatory Servs. v. Mega Child Care, Inc.,
145 S.W.3d 170, 177 (Tex. 2004).  Appellants do not argue, nor do we conclude,
that “absurd results” would follow from reading section 312.006(a) as simply
importing the damages caps of section 101.023(a).  Moreover, “[w]hen a statute
is clear and unambiguous, courts need not resort to rules of construction or
extrinsic aids to construe it, but should give the statute its common
meaning.”  St. Luke’s Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997).  A damages cap limits damages but does not imply immunity from suit.  To the
contrary, damages caps such as section 101.023 that “insulate public resources
from the reach of judgment creditors” indicate immunity from suit has been
waived.  See Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692,
698 (Tex. 2003).  Finally, appellants have cited no case holding that section
312.006(a) or section 101.023(a) grants immunity from suit.  See Tex. R. App. P. 38.1(h).

             Because
section 312.006(a) does not prevent suit, it cannot deprive the trial court of
subject matter jurisdiction, and the rulings on the plea to the jurisdiction
based on this section are not subject to an interlocutory appeal.  Accordingly,
we dismiss the appeal of the trial court’s denial of appellants’ plea to the
jurisdiction.

B.        Section 51.014(a)(5):
Denial of Summary Judgment Based on Official Immunity

            Baylor and
the Physicians appeal the denial of their motion for summary judgment pursuant
to section 51.014(a)(5) of the Civil Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(5) (Vernon Supp. 2005).  Under this provision, a “person” may appeal
from an interlocutory order of a district court denying “a motion for summary
judgment that is based on an assertion of immunity by an individual who is an
officer or employee of the state or a political subdivision of the state.”[6] 
 Id.  “Immunity” as used in this section refers to “official
immunity.”  See City of Houston v. Kilburn, 849 S.W.2d 810,  812 n.1 (Tex. 1993).  Official immunity is a common law affirmative defense rendering individual
officials immune from both liability and suit.  See Kassen v. Hatley,
887 S.W.2d 4, 8–9 (Tex. 1994) (official immunity is a common law affirmative
defense); DeWitt v. Harris County, 904 S.W.2d 650, 653 (Tex. 1995) (discussing immunity from liability); Ballantyne v. Champion Builders, Inc.,
144 S.W.3d 417, 422 (Tex. 2004) (discussing immunity from suit).  Although
official immunity applies only to individuals, an agency or institution may be
shielded from respondeat superior liability for its employee’s negligence if
the employee possesses official immunity.  See DeWitt, 904 S.W.2d at
654.  As a result, a motion for summary judgment by the employer of the
putative official may be “based on an assertion” of official immunity for the
purposes of determining whether an interlocutory appeal is available, even
though the employer may not qualify for official immunity.

            Because
official immunity is an affirmative defense, the party asserting it must plead
and prove all of its elements.  City of Lancaster v. Chambers, 883
S.W.2d 650, 653 (Tex. 1994).  Government employees are entitled to official
immunity from suit arising from the performance of their (1) discretionary
duties in (2) good faith as long as they are (3) acting within the scope of
their authority.  Id.  Thus, a motion for summary judgment asserting
official immunity will expressly list official immunity as a ground for
judgment, or will move for summary judgment on the basis that the plaintiff’s
claims arise from the good faith performance of an official’s discretionary
duties within the scope of his authority—the elements of official immunity.  See
Tex. R. Civ. P. 166a(c) (“The
motion for summary judgment shall state the specific grounds therefor.”); see
also Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995) (stating that a
defendant “who conclusively establishes all of the elements of an affirmative
defense is entitled to summary judgment.”).[7]


            In their
motion, appellants do not claim official immunity, nor do appellants allege or
offer evidence that any Physician’s treatment of Francisco constituted the good
faith performance of an official’s discretionary duties within the scope of his
authority—the essential elements of official immunity.  Instead, appellants
claim they are “statutorily immune from liability” under Tex. Health & Safety Code Ann. §
312.006(a) (Vernon 2001) and Tex. Civ.
Prac. & Rem. Code Ann. § 101.101 (Vernon 2005).  These are the same
damages cap and notice provisions on which appellants based their plea to the
jurisdiction.  As previously discussed, neither statute confers immunity. 
Moreover, neither statute applies to individuals.  By the terms of the
statutes, section 312.006(a)  applies under certain conditions to a “medical
and dental unit, supported medical or dental school, or coordinating entity,”
while section 101.101 applies only to “governmental units.”  See Smith
v. City of Houston, 960 S.W.2d 326, 328 (Tex. App.—Houston [14th Dist.]
1997, no writ) (holding that the notice requirements of section 101.101 do not
apply to employees because they are not “governmental units.”).  Appellants do
not contend that the Physicians fall within the statutory definitions of any of
these terms, nor do we find this to be the case.  See Tex. Health & Safety Code Ann. §§
312.002(3) and (6) (Vernon Supp. 2005) (defining “coordinating entity” and
“supported medical or dental school”); Tex.
Educ. Code Ann. § 61.003(5) (Vernon 2006) (defining “medical and dental
unit”); Tex. Civ. Prac. & Rem. Code
Ann. § 101.001(3) (Vernon 2005) (defining “governmental unit”).

            Because
appellants’ motion for summary judgment is not based on the assertion of
official immunity, section 51.014(a)(5) does not authorize us to consider the
interlocutory appeal of the order denying the motion.[8] 
See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(5) (Vernon Supp. 2005). 

 class=Section5>

III. 
CONCLUSION

            Because
section 51.014 of the Civil Practice and Remedies Code does not confer this
court with jurisdiction to decide any of the issues presented on interlocutory
appeal, the appeal is dismissed.

 

 

                                                                        /s/        Eva
M. Guzman

                                                                                    Justice

 

 

Judgment rendered and Opinion filed
July 27, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Guzman.









[1]According
to appellants’ statement of jurisdiction, they appeal the trial court’s order
of August 17, 2005 denying their motion for summary judgment and their “plea to
the jurisdiction.”  The “plea to the jurisdiction” cited by appellants could
refer to one or more of several documents.  Appellants’ answer to Maria’s
eighth amended petition contains a section entitled, “plea to the
jurisdiction.”  In addition, appellants’ “Motion to Dismiss for Lack of
Jurisdiction” is in substance a plea to the jurisdiction, and their motion for
summary judgment contains jurisdictional arguments as well.  The court’s order
of August 17, 2005 ruled only on the motion to dismiss and the motion for
summary judgment, and not on the plea to the jurisdiction contained in
appellants’ answer.  Thus, our discussion of appellants’ “plea to the
jurisdiction” refers to the plea as presented and argued in appellants’ motion
to dismiss and their motion for summary judgment, and not the “plea to the
jurisdiction” asserted in appellants’ answer to Maria’s eighth amended
petition.  The latter plea was not ruled upon by the trial court, or briefed on
appeal.  Moreover, Maria subsequently amended her petition a ninth time, and
appellants’ answer to that petition is not included in the record.





[2]More
precisely, Baylor and the Physicians argue that failure to give notice pursuant
to section 101.191(a) of the Civil Practice and Remedies Code bars all Maria’s
claims.  The Civil Practice and Remedies Code contains no section 101.191, and
we assume Baylor and the Physicians intended to refer to section 101.101, to
which they refer on appeal, and which contains language identical to that
quoted in their motions.  





[3]The
legislature has recently amended section 311.034 of the Texas Government Code
to provide that “[s]tatutory prerequisites to a suit, including the provision
of notice, are jurisdictional,” thereby legislatively overruling Loutzenhiser. 
See Tex. Gov’t Code Ann. §
311.034 (Vernon Supp. 2005).  However, the amended version of section 311.034
did not become effective until September 1, 2005, more than two years after
this suit was filed.  See Act of May 23, 2001, 77th Leg., R.S., ch.
1158, § 8, 2001 Tex. Gen. Laws 2570, 2572, amended by Act of May 25,
2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783, 3783; see
also Tex. Gov’t Code Ann. §
311.022 (Vernon 2005) (“A statute is presumed to be prospective in its
operation unless expressly made retrospective.”). 





[4]Although
appellants discuss their plea to the jurisdiction only as it pertains to their
motion to dismiss, the same arguments are presented in their motion for summary
judgment.  A jurisdictional plea may be asserted in a motion for summary
judgment.  See Thomas v. Long, No. 03-0204, ___ S.W.3d ___, 2006 WL
1043429 (Tex. April 21, 2006).  Thus, our conclusion that we lack jurisdiction
to review the alleged lack of notice applies to the plea to the jurisdiction in
both motions.





[5]As
the text of appellants’ motions and briefs make clear, Baylor and the
Physicians interpret section 312.006 of the Health and Safety Code to confer
immunity from liability on each of them and base their claims of immunity on
this section and on the alleged lack of notice.  Although appellants’ motion to
dismiss also contains the conclusory statement that Baylor and the Physicians
are immune from both liability and suit pursuant to “Tex. Health & Safety Code Section 312 et seq., Tex. Civ. Prac. & Rem. Code Section
101 et seq., and Tex. Educ. Code Section
61 et seq.,” the appellants repeatedly state that section 312.006(a)
confers immunity from liability and present neither argument nor authority
supporting their claim that any specific section of the globally-cited codes
renders them immune from suit.  To the extent that such an issue has been
raised, it is waived pursuant to Tex. R.
App. P. 33.1(a)(1)(A) and 38.1(h).





[6]In
this context, the term “person” includes governmental entities.  City of Houston v. Kilburn, 849 S.W.2d 810, 811 (Tex. 1993).  





[7]We
do not imply that the words “official immunity” are mandatory to bring the
appeal within our jurisdiction.  “Official immunity,” “qualified immunity,”
“quasi-judicial immunity,” “discretionary immunity,” and “good faith immunity”
are all terms used interchangeably to refer to the same affirmative defense
available to governmental employees sued in their individual capacities.  Kilburn,
849 S.W.2d at 812 n.1.  We have jurisdiction to consider an interlocutory
appeal of a motion for summary judgment based on an official’s assertion of the
elements of official immunity, regardless of the specific term used to refer to
“official immunity.” 





[8]Maria
additionally contends appellants have not shown Baylor was a supported medical
school for the purposes of conferring official immunity on the Physicians
because appellants failed to show Baylor was a supported medical school at the
time the Physicians allegedly failed to properly treat Francisco.  According to
Maria, the facility where the alleged malpractice occurred has not been shown
to be included in an agreement between Baylor and a “coordinating entity,” and
such an agreement is required for Baylor to be treated as a “state agency.”  See
Tex. Health & Safety Code Ann.
§ 312.003 (Vernon 2001).  In addition, Maria contends Baylor was not under
contract with the Texas Higher Education Coordinating Board at the time the
alleged malpractice occurred, and this is also a requirement for Baylor to
achieve “state agency” status.  See Tex.
Health & Safety Code Ann. § 312.002(6) (Vernon Supp. 2005).  Because
appellants’ motion for summary judgment is not based on the assertion of
official immunity regardless of Baylor’s status, we do not reach this argument.