Opinion filed March 31,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00288-CV

                                                    __________

 

                              ALLEN
GLENN THOMAS, Appellant

 

                                                             V.

 

    TEXAS DEPARTMENT OF
CRIMINAL JUSTICE ET AL., Appellees



 

                                   On
Appeal from the 259th District Court

 

                                                             Jones
County, Texas

 

                                                     Trial
Court Cause No. 022100

 



 

                                            M
E M O R A N D U M    O P I N I O N

            Allen
Glenn Thomas appeals the trial court’s order declaring him to be a vexatious
litigant.  Appellees Molly Owens and Gaylon Teeters have filed a motion to
dismiss the appeal for lack of jurisdiction on the basis that the trial court
has not entered a final judgment.  We dismiss this appeal for want of
jurisdiction.

            Appellant filed the underlying action bearing Trial
Court Cause No. 022100 on December 17, 2009, against the Texas Department of
Criminal Justice, Owens, Teeters, and several other individuals affiliated with
TDCJ.  On behalf of Owens and Teeters, the Office of Attorney General filed a
motion to declare appellant a vexatious litigant pursuant to Chapter 11 of the
Texas Civil Practice and Remedies Code.  The trial court granted the motion in
a written order entered on March 31, 2010.  Under the terms of the order, appellant
was required to furnish security in the amount of $7,500 by May 1, 2010.  Appellant
now appeals the trial court’s order declaring him to be a vexatious litigant. 
In this regard, appellant filed his notice of appeal on April 19, 2010.

Appellate courts have jurisdiction over final judgments and only those interlocutory
orders deemed appealable by the Texas Legislature.  Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001); City of Houston v. Kilburn, 849 S.W.2d
810, 811 (Tex. 1993); see Tex.
Civ. Prac. & Rem. Code Ann. § 15.003 (Vernon Supp. 2010), § 51.014(a),
(d) (Vernon 2008).  A judgment is final for purposes of appeal if it disposes
of all pending parties and claims in the record.  Lehmann, 39 S.W.3d at
195.  The clerk’s record does not include
a dismissal order or a final judgment entered after the March 31, 2010 order.  The
trial court clerk has confirmed that there is no final judgment on the merits
and that the underlying action remains pending.  Furthermore, there is no
statutory exception that allows appellant to appeal the trial court’s interlocutory
order declaring him to be a vexatious litigant.  See Lehmann, 39 S.W.3d
at 195; City of Houston, 849 S.W.2d at 811.

The motion to dismiss for lack of
jurisdiction is granted, and the appeal is dismissed.

 

                                                                                                PER
CURIAM

 

March 31, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.