**Opinion filed March 31, 2011**



# In The

# Eleuenth Court of Appeals

_____

## No. 11-10-00288-CV

_____

## ALLEN GLENN THOMAS, Appellant

## V.

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE ET AL., Appellees

### On Appeal from the 259th District Court

### Jones County, Texas

### Trial Court Cause No. 022100

## MEMORANDUM OPINION

Allen Glenn Thomas appeals the trial court's order declaring him to be a vexatious litigant. Appellees Molly Owens and Gaylon Teeters have filed a motion to dismiss the appeal for lack of jurisdiction on the basis that the trial court has not entered a final judgment. We dismiss this appeal for want of jurisdiction.

Appellant filed the underlying action bearing Trial Court Cause No. 022100 on December 17, 2009, against the Texas Department of Criminal Justice, Owens, Teeters, and several other individuals affiliated with TDCJ. On behalf of Owens and Teeters, the Office of Attorney General filed a motion to declare appellant a vexatious litigant pursuant to Chapter 11

of the Texas Civil Practice and Remedies Code. The trial court granted the motion in a written order entered on March 31, 2010. Under the terms of the order, appellant was required to furnish security in the amount of $7,500 by May 1, 2010. Appellant now appeals the trial court's order declaring him to be a vexatious litigant. In this regard, appellant filed his notice of appeal on April 19, 2010.

Appellate courts have jurisdiction over final judgments and only those interlocutory orders deemed appealable by the Texas Legislature. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *City of Houston v. Kilburn*, 849 S.W.2d 810, 811 (Tex. 1993); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.003 (Vernon Supp. 2010), § 51.014(a), (d) (Vernon 2008). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Lehmann*, 39 S.W.3d at 195. The clerk's record does not include a dismissal order or a final judgment entered after the March 31, 2010 order. The trial court clerk has confirmed that there is no final judgment on the merits and that the underlying action remains pending. Furthermore, there is no statutory exception that allows appellant to appeal the trial court's interlocutory order declaring him to be a vexatious litigant. *See Lehmann*, 39 S.W.3d at 195; *City of Houston*, 849 S.W.2d at 811.

The motion to dismiss for lack of jurisdiction is granted, and the appeal is dismissed.

PER CURIAM

March 31, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2