ACCEPTED
04-15-00287-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/10/2015 2:28:48 PM
KEITH HOTTLE
CLERK

**No. 04-15-00287-CV**

_____

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/10/2015 2:28:48 PM
KEITH E. HOTTLE
Clerk

IN THE COURT OF APPEALS
FOR THE FOURTH JUDICIAL DISTRICT OF TEXAS
AT SAN ANTONIO

_____

CECIL ADAMS and MAXINE ADAMS,
Appellants,

v.

HARRIS COUNTY, REBECCA ROSS, KATHLEEN KEESE, and
CHRISTOPHER A. PRINE, Clerk of the Court,
Appellees.

_____

On Appeal from the 269th District Court
Harris County, Texas
District Court Cause No. 2014-35653

_____

**APPELLEE HARRIS COUNTY'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

_____

VINCE RYAN
Harris County Attorney

*/s/* Keith A. Toler
_____
KEITH A. TOLER
Assistant County Attorney
State Bar No. 24088541
1019 Congress, 15th Floor
Houston, Texas 77002
Phone: (713) 274-5265
Fax: (713) 755-8924
Email: Keith.Toler@cao.hctx.net

ATTORNEY FOR APPELLEE
HARRIS COUNTY

TO THE HONORABLE COURT OF APPEALS:

Appellee Harris County files this Motion to Dismiss Appellants' Appeal for Lack of Subject Matter Jurisdiction, respectfully showing this Court the following:

## INTRODUCTION

Appellants are Cecil and Maxine Adams. Appellees are Harris County, Kathleen Keese, Rebecca Ross, and Christopher Prine.

The 269th District Court of Harris County, Texas, signed the interlocutory order denying Appellants' motion to dismiss Harris County's interpleader suit (hereinafter the "Interlocutory Order") in the underlying case, *Harris County v. Adams et al.*, cause number 2014-35653, on March 13, 2015.[1]

Appellants appealed the Interlocutory Order, which is the subject of this motion.[2] Appellants incorrectly rely on Texas Rule of Appellate Procedure 29.6 for the Court's jurisdiction to hear a challenge to the Interlocutory Order.[3] Neither Rule 29.6 nor any other law authorizes interlocutory review of the Interlocutory Order. Therefore, this Court lacks jurisdiction to hear the appeal of the Interlocutory Order.

---

[1] (C.R. at 231).

[2] Appellants also appealed an order granting Appellee Prine's plea to the jurisdiction. (C.R. at 259). *See generally* Adams' Appellate Brief. This motion does not argue that this Court lacks jurisdiction to review the district court order granting Appellee Prine's plea to the jurisdiction.

[3] *See* (C.R. at 259); Brief at 11 (praying "in the interest of justice, pursuant to TEX. R. APP. P. 29.6 Adams pray that this Court will review pending motions for review of interlocutory orders that impairs the effectiveness of the relief sought or that may be granted on appeal.").

## ARGUMENTS AND AUTHORITIES

The Court has the authority under Texas Rule of Appellate Procedure 42.3(a) to dismiss an appeal for lack of jurisdiction.

The Court should dismiss this appeal because the Interlocutory Order is a non-appealable interlocutory order.[4] Generally, a party may only appeal a final judgment.[5] "A judgment is final for purposes of appeal 'if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.'"[6] The Interlocutory Order is not a final judgment because it does not dispose of any claims or parties or state that it is a final judgment.[7]

A party may appeal an interlocutory order when jurisdiction is authorized by the Legislature.[8] Here, the Interlocutory Order is only appealable if: (1) authorized by Texas Rule of Appellate Procedure 29.6, which Appellants incorrectly rely upon; (2) the specific interlocutory order is authorized by statute; or (3) a trial court issues an order permitting an appeal of an otherwise non-appealable order, as authorized by statute. None of these exceptions apply.

---

[4]     *City of Houston v. Kilburn*, 849 S.W.2d 810, 811 (Tex. 1993).

[5]     *Id.*; *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006).

[6]     *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001)).

[7]     (C.R. at 231).

[8]     *Bison Bldg. Materials, Ltd.*, 422 S.W.3d at 585 (citations omitted).

**1.   Rule 29.6 does not grant jurisdiction over this appeal.**

This interlocutory appeal does not fall within the scope of Texas Rule of Appellate Procedure 29.6. Rule 29.6 states that:

> While an appeal from an *interlocutory* order is pending . . . the appellate court may review . . . (1) a further appealable interlocutory order concerning the same subject matter; and (2) any interlocutory order that interferes with or impairs the effectiveness of the relief sought or that may be granted on appeal."[9]

By its plain language, Rule 29.6 does not apply when the pending order upon which other interlocutory orders rely is a *final judgment*. Rather, the pending order must be an appealable *interlocutory order*.

The order Appellants rely upon is a final judgment, not an interlocutory order. Appellants rely upon their pending appeal of the district court's order granting Appellee Prine's plea to the jurisdiction.[10] That order is a final judgment, not an interlocutory order. The district court stated "with unmistakable clarity" that the order "operates as a final judgment."[11] Moreover, the order disposes of all parties and all cross-claims and counterclaims between Appellants and Appellee Prine.[12]

---

[9]   Tex. R. App. P. 29.6 (emphasis added).

[10]   (C.R. at 259). Appellants incorrectly claim that the order granting a plea to the jurisdiction is an interlocutory order.

[11]   (C.R. at 229).

[12]   *Id.*

4

Appellants cannot rely upon a pending appeal of a final judgment to grant supplemental jurisdiction over the Interlocutory Order. The necessary prerequisite of an appealable interlocutory order is absent in this appeal.[13] Therefore, Rule 29.6 does not grant jurisdiction over the Interlocutory Order.

**2.     No other law grants jurisdiction over this appeal.**

The Legislature has not excepted motions to dismiss interpleader actions from the general rule that only final judgments are appealable. If no law authorizes a particular interlocutory appeal, then an appellate court lacks jurisdiction to hear the interlocutory appeal.[14]

Section 51.014(a) of the Texas Civil Practice and Remedies Code expressly authorizes appeals of certain enumerated interlocutory orders.[15] Appellants' motion to dismiss is not included in the Section 51.014 list of appealable interlocutory orders.[16] Therefore, Appellants' appeal is not authorized by Section 51.014(a).

---

[13]     In addition, the Interlocutory Order does not concern the same subject matter as the plea to the jurisdiction order or interfere with or impair the effectiveness of the relief sought or that may be granted on appeal. Tex. R. App. P. 29.6.

[14]     *See De Ayala*, 193 S.W.3d at 578, 579–80.

[15]     Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West 2013).

[16]     Although Section 51.014 authorizes appeals of interlocutory orders denying certain motions to dismiss, Appellants' motion to dismiss an interpleader action is not included in the enumerated list. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(11), (12) (West 2013) (cross-referencing Tex. Civ. Prac. & Rem. Code Ann. §§ 90.007 (authorizing motions to dismiss for failure to timely serve a report in an asbestos- or silica-related case) and 27.003 (authorizing motions to dismiss actions based on a party's exercise of rights of free speech, to petition, or of association)).

Section 51.014(d) also authorizes appeals of interlocutory orders when a district court issues an order permitting an appeal of that court's interlocutory order.[17] The Clerk's Record reveals that the district court issued no such order.[18] Therefore, Appellants' appeal is not authorized by Section 51.014(d).

Counsel for Harris County could not find any other law granting jurisdiction to hear an interlocutory order denying a motion to dismiss an interpleader action. Appellants have not directed the Court to any such law. Therefore, this Court lacks jurisdiction to hear Appellants' appeal of the Interlocutory Order.

## CONCLUSION

This Court lacks jurisdiction to hear Appellants' appeal of the district court order denying Appellants' motion to dismiss. Appellants incorrectly claim that Texas Rule of Appellate Procedure 29.6 excepts the Interlocutory Order from the general rule that a party may only appeal a final judgment. Moreover, there is no other authority granting jurisdiction to hear the appeal of the Interlocutory Order. Therefore, this Court lacks jurisdiction to hear Appellants' interlocutory appeal of the district court's interlocutory order denying Appellants' motion to dismiss Harris County's interpleader suit.

---

[17] Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West 2013) (authorizing, but not requiring, a district court to, "by written order, permit an appeal from an order that is not otherwise appealable" if certain conditions are met).

[18] *See generally* Clerk's Record.

## PRAYER

For these reasons, Appellee Harris County asks the Court to grant this motion and dismiss the appeal of the district court order denying Appellants' motion to dismiss or, in the alternative, to affirm the district court's judgment and grant Appellee Harris County judgment for costs and all other relief to which Appellee Harris County shows it is entitled.

Respectfully submitted,

VINCE RYAN
Harris County Attorney

*/s/* Keith A. Toler
KEITH A. TOLER
Assistant County Attorney
State Bar No. 24088541
1019 Congress, 15th Floor
Houston, Texas 77002
Phone: (713) 274-5265
Fax: (713) 755-8924
Email: Keith.Toler@cao.hctx.net

ATTORNEY FOR APPELLEE
HARRIS COUNTY

## CERTIFICATE OF CONFERENCE

I certify that I have attempted to confer with Cecil and Maxine Adams by email and telephone voice message on July 8, 2015, but the Adams have not responded to my attempts.

/s/ Keith A. Toler
KEITH A. TOLER
Assistant County Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 10th day of July, 2015, a true and correct copy of the foregoing was served by electronic transmission and certified mail, return receipt requested, to Appellants Cecil and Maxine Adams, and by electronic transmission to counsel for the other parties.

Cecil & Maxine Adams
5510 Rice, #1206
Houston, Texas 77081
cecillovesmax@sbcglobal.net
Pro Se, Appellants
*Sent via certified mail and email*

Jayson Booth
Booth Richey, LLP
3730 Kirby Dr., Ste. 777
Houston, Texas 77098
jbooth@boothricheylaw.com
Attorney for Kathleen Keese, Appellee
*Sent via electronic transmission*

Christin Cobe Vasquez
Office of Texas Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
christin.vasquez@texasattorneygeneral.gov
Attorney for Christopher A. Prine, Appellee
*Sent via electronic transmission*

Timothy J. Henderson
Attorney at Law
6300 West Loop South, Ste. 280
Houston, Texas 77401
timjhenderson@msn.com
Attorney for Rebecca Ross, Appellee
*Sent via electronic transmission*

*/s/* Keith A. Toler
KEITH A. TOLER
Assistant County Attorney