# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00117-CV

### Jeffrey S. Kelly, Pamela K. Kelly and Jeff Kelly Construction, Appellants

### v.

### Stock Building Supply of Texas, L.P. d/b/a Stock Building Supply, Appellee

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
NO. D-1-GN-08-001020, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING**

## O P I N I O N

Jeffrey S. Kelly, Pamela K. Kelly, and Jeff Kelly Construction ("the Kellys")[1] appeal the judgment granted after their answer was struck for their failure to timely and fully respond to discovery requests. Because the judgment does not dispose of all parties and all claims, it is not final. We dismiss this appeal for want of jurisdiction.

Stock Building Supply of Texas, L.P. d/b/a/ Stock Building Supply ("Stock") filed a suit on sworn account to collect from the Kellys amounts due for building materials Stock alleges it sold to the Kellys. After the Kellys first largely failed to respond to discovery by deadlines, filed some responses after being sanctioned and ordered at least twice to file responses, and then filed responses deemed to be inadequate, the trial court struck the Kellys' pleadings. The trial court

---

[1] Appellee alleges that Jeff Kelly Construction is an unincorporated entity and is an assumed name for Jeffrey S. Kelly and Pamela K. Kelly.

signed a document entitled "Final Judgment" that named the parties and their roles in the case in the style, and that provided as follows:

> On this day came to be heard, Plaintiff's Motion for Sanctions Against Jeffrey Kelly and Pamela Kelly. Having considered the Motion, pleadings and evidence on file, and argument of counsel, the Court finds that Jeffrey Kelly and Pamela Kelly have failed to respond to discovery seeking responses relevant to their defense against Plaintiff's claim despite the imposition of lesser sanctions, and that this failure justifies the presumption that the defense lacks merit, all as set forth in the Court's prior order awarding sanctions.
>
> IT IS, THEREFORE, ORDERED that Defendants' answer to Plaintiff's petition is stricken;
>
> IT IS FURTHER ORDERED that Plaintiff is awarded the following:
>
> > a) $24,442.22 in damages;
> >
> > b) Interest on damages at the rate of 18 percent per annum from July 31, 2007, until entry of this Judgment;
> >
> > c) $9,500.00 in attorneys' fees as well as all taxable costs; and,
> >
> > d) Interest on items "a)" through "c)" at the annual rate of 18 percent from entry of this Judgment until satisfied.
>
> IT IS FURTHER ORDERED that Plaintiff is awarded the following contingent on the events indicated: [awards of attorneys' fees for various appellate actions and results, plus interest].
>
> IT IS FINALLY ORDERED that Plaintiff may proceed with foreclosure of its lien against Defendants' real property recorded as document 2006219359 in the Travis County property records and attached as Exhibit D to Plaintiff's live pleading.

The Kellys complain that this judgment is not final because it does not dispose of any claims and does not mention the defendant Jeff Kelly Construction in its text. It mentions the individual Kellys by name, strikes the "Defendants' answer," and then awards the plaintiff

2

(Stock) damages and other money without adjudicating any claims or stating against whom judgment is rendered.

The Kellys' assertion that the judgment is not final is a challenge to this Court's jurisdiction. We must examine whether we have jurisdiction before considering other aspects of this appeal. *See New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990). With few exceptions, this Court does not have jurisdiction over judgments that are not final. *City of Houston v. Kilburn*, 849 S.W.2d 810, 811 (Tex. 1993). The exceptions do not apply here. *See id.* We must determine whether this judgment is final.

A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). No presumption of finality follows a default judgment. *See id.* at 199-200. A default judgment is deemed final, however, if it expresses an unequivocal intent to finally dispose of the case. *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005). Absent a conventional trial on the merits, a judgment is final "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192-93. We also can look to the record beyond the judgment. *Id.* at 195.

The judgment in this case is not final. The judgment before us is the functional equivalent of a default judgment. *See* Tex. R. Civ. P. 215.2(5). The judgment is entitled "Final Judgment," alludes to the standard for death penalty sanctions, strikes the Kellys' answer, and awards damages. The title is an express indication that the court intended this to be a

3

final judgment. The judgment does not realize that intent, however. The striking of the Defendants' pleadings and the award of damages are indications that some claims have been resolved. However, this—by itself—does not indicate an adjudication or disposition of all claims against all parties. The judgment does not mention Stock's causes of action or dispose of them, individually or collectively, expressly or otherwise unequivocally. The judgment does not mention Jeff Kelly Construction, much less unequivocally dispose of claims against Jeff Kelly Construction. Indeed, the judgment does not state against whom judgment is rendered or in what capacity. Thus, it is not possible to determine from whom the plaintiff is entitled to demand payment. Review of the remainder of the record does not persuade us that this judgment is final. While the trial court may have intended to enter a final judgment, the document before us does not accomplish that objective.

Because this judgment is not final and is not the basis of a permissible interlocutory appeal, we conclude that we lack jurisdiction over this appeal. Lacking jurisdiction, we do not consider the merits of the remainder of the Kellys' appeal or the validity or correctness of any other action, inaction, finding, or conclusion, including the rest of the judgment. *See* Tex. R. App. P. 47.1. This appeal is dismissed for want of jurisdiction.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Dismissed for Want of Jurisdiction

Filed: August 3, 2010

4