**Dismissed and Memorandum Opinion filed March 31, 2020.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-18-01102-CV

## SONIC MOMENTUM JVP, LP / LAND ROVER SOUTHWEST HOUSTON, Appellant

### V.

## ROGER DISCHERT AND CHARLOTTE DISCHERT, Appellees

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1101826**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order purported to be a final judgment; however, the order does not dispose of all pending claims, and the order does not fall within an exception to the general rule that only final judgments are appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We accordingly dismiss the appeal for lack of jurisdiction.

## I.

The appellate record shows that plaintiffs Roger Dischert and Charlotte Dischert sued defendants Sonic Momentum JVP, LP / Land Rover Southwest Houston ("Sonic") and Jaguar Land Rover North America, LLC, ("Jaguar") for claims arising from the Discherts' purchase of a vehicle. The Discherts pleaded claims for (1) violations of the DTPA, (2) breach of contract, (3) breach of warranty, and (4) the equitable remedy of a refund, for which the associated cause of action is not identified. In connection with their DTPA claim, Roger Dischert and Charlotte Dischert sought (a) economic damages, (b) mental-anguish damages, (c) damages to compensate for loss of use of the vehicle, (d) damages to compensate for loss of the time spent delivering the vehicle for service; (e) damages for the vehicle' loss of value; (f) trebling of economic damages; (g) trebling of mental-anguish damages, and (h) attorneys' fees.

The Discherts moved for summary judgment solely on their DTPA cause of action and asked the trial court to order the equitable remedy of a refund. The trial court granted the motion, awarding the Discherts the vehicle's $57,533 total purchase price, together with attorneys' fees and pre- and post-judgment interest.

## II.

The Discherts sought summary judgment against both defendants, but the record shows that Jaguar was not served, and the record does not show that Jaguar waived service or appeared in the case. Because Jaguar had not yet been brought into the suit, it is not considered a party for the purpose of determining the finality of the summary judgment order. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962) (judgment treated as final because record failed to show that an additional named defendant was served or answered); *Kennedy v. Turner Ind. Grp., LLC*, No. 14-09-00377-CV, 2010 WL 1541638, at *1 (Tex.

2

App.—Houston [14th Dist.] Apr. 20, 2010, pet. denied) (mem. op.) (treating judgment as final, because in appellant's response to appellate court's notice of intent to dismiss, appellant did not contend that the additional defendants "have been or will be served or have filed an answer in the suit").

**III.**

Although the summary judgment disposes of all parties who were then before the trial court, the ruling does not dispose of all of the Discherts' claims against Sonic. Absent a conventional trial, a judgment "is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192–93. Neither requirement has been satisfied.

The summary judgment did not dispose of all of the Discherts' claims against Sonic, because neither the motion for summary judgment nor the order granting it addresses the Discherts' claims for (1) breach of contract, (2) breach of warranty, (3) economic damages, (4) mental-anguish damages, (5) trebling of economic damages, and (6) trebling of mental-anguish damages. The Discherts did not waive these claims merely by omitting them from their motion, *see McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam), and the record does not show that these claims were ruled upon, withdrawn, severed, or dismissed.

Moreover, the order granting the motion does not state with unmistakable clarity that it is a final judgment as to all claims and parties. It is not sufficient that the order refers to itself as a final judgment. *See Lehmann*, 39 S.W.3d at 200. Awards of costs, interest, trial attorneys' fees, and the conditional award of appellate attorneys' fees do not make final a judgment that does not actually dispose of all claims and parties or otherwise unequivocally express the intent to do so. *See, e.g.*,

3

*In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 828, 830 (Tex. 2005) (orig. proceeding) (award of costs and interest does not make judgment final); *Taborda v. Tamirisa*, No. 14-16-00545-CV, 2018 WL 1476269, at *1, *3 (Tex. App.—Houston [14th Dist.] Mar. 27, 2018, no pet.) (mem. op.) ("Order Entering Final Judgment" was not final despite award of appellate attorneys' fees and language disposing of "all parties and the claims set forth herein"); *Kelly v. Stock Bldg. Supply of Tex., L.P.*, 319 S.W.3d 903, 903–04 (Tex. App.—Austin 2010, no pet.) ("Final Judgment" that awarded damages, interest, and trial and appellate attorneys' fees held not final because the ruling did not dispose of all parties and claims). The word "CLOSED" stamped on the top of the summary-judgment order by an unidentified person for an unstated purpose does not make the judgment final. *See Lehmann*, 39 S.W.3d at 200 ("The intent to finally dispose of the case must be unequivocally expressed *in the words of the order itself.*" (emphasis added)).

## IV.

Because the summary judgment that is the subject of this appeal is not a final judgment, we advised the parties on March 11, 2020, that we would dismiss the appeal unless, within ten days of the date of the notice, a response was filed in this court showing a valid basis for jurisdiction. *See* TEX. R. APP. P. 42.3(a). In response to the notice, Sonic repeated the arguments in its appellate brief that the order is final because it refers to itself as a final judgment, awards costs, interests, and trial attorneys' fees, conditionally awards appellate attorneys' fees, and is stamped "CLOSED." For the reasons stated above, we explained in the notice that those factors are insufficient to unequivocally express finality. Sonic also presented two new arguments in its response.

First, Sonic admittedly filed a motion to vacate, modify, correct, or reform the judgment in which it pointed out to the trial court that "the Order does not actually dispose of all claims." According to Sonic, the trial court allowed the motion to be

4

overruled by operation of law, "evincing its belief that the its order was final." But such a motion is overruled by operation of law only if it is not ruled upon within 75 days "after the *judgment* was signed." TEX. R. CIV. P. 329b(c) (emphasis added). Since the order was interlocutory, it was not a judgment, and could not have been overruled by operation of law.

Second, Sonic states that the docket sheet (styled as a "Case Summary" in the clerk's record) "notes the case's <u>closure</u> on September 14, 2018 with 'Summary Judgment Disposing of Case' and that the jury trial setting was canceled because of 'Final Judgment'" (underlining in original). But, "a 'docket-sheet entry cannot contradict or take the place of a written order or judgment.'" *Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 854 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (quoting *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding)). The document was prepared by the court clerk's office (as is shown by the inclusion of financial information such as whether a jury fee was collected), and it is not the court clerk's characterization that determines whether a judgment is final.[1]

## V.

For the foregoing reasons, we dismiss this appeal for want of jurisdiction.


/s/ Tracy Christopher
Justice

Panel consists of Justices Christopher, Bourliot, and Hassan.

---

[1] Further still, even if the docket could be considered, it, too, failed to express with unmistakable clarity that the September 14, 2018, order was intended to be a final judgment. For example, it records that three days after the order was signed, the jury trial in the case was canceled *and rescheduled*.